# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X   **Index No.: 21-1567**
LAWRENCE DOBROFF,
                       Plaintiff,
                                                      **COMPLAINT**

   -against -

HEMPSTEAD UNION FREE SCHOOL DISTRICT,
HEMPSTEAD UNION FREE SCHOOL DISTRICT SCHOOL
BOARD, RANDY STITH, individually and in his
official capacity, and REGINA ARMSTRONG, individually and in
her official capacity,

                                    Defendants.
---------------------------------------------------------------X

Plaintiff, LAWRENCE DOBROFF, by and through his attorneys, THE LAW OFFICE OF ALAN J. SASSON, respectfully alleges upon knowledge as to himself and his own actions, and upon information and belief as to all other matters, as follows:

### JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and §§ 1343(3) and (4), as this action seeks redress for the violation of Plaintiff's constitutional and civil rights.

### PARTIES

2. Plaintiff LAWRENCE DOBROFF ("Plaintiff"), is a 63 year old Caucasian male, who is a resident and domiciliary of Nassau County, New York. At all times relevant to this complaint, Plaintiff was an "employee" of Defendants as the term is defined by Title VII of the Civil Rights Act of 1964 ("Title VII") and the New York State Human Rights Law, N.Y. Exec. Law § 290 et seq ("NYSHRL").

3. Defendant HEMPSTEAD UNION FREE SCHOOL DISTRICT, ("The District") at all times relevant, was and still is a public school district and municipal corporation

1

organized and existing under the laws of the State of New York, with its principal place of business located at 185 Peninsula Blvd, Hempstead, NY, 11550. At all times relevant to this charge, Defendant was Plaintiff's "employer" as the term is defined by Title VII and NYSHRL.

4. Defendant HEMPSTEAD UNION FREE SCHOOL DISTRICT SCHOOL BOARD, ("The Board") at all times relevant, was and still is an elected body tasked with running and overseeing the District organized and existing under the laws of the State of New York, with its principal place of business located at 185 Peninsula Blvd, Hempstead, NY, 11550. At all times relevant to this charge, Defendant was Plaintiff's "employer" as the term is defined by Title VII and NYSHRL.

5. Defendant REGINA ARMSTRONG ("Armstrong") is an individual who at all relevant times was the acting Superintendent of Schools for the Hempstead Union Free School District and Plaintiff's supervisor. Defendant Armstrong was a "policymaker" of Defendant District as that term is defined by 42 U.S.C. § 1983 and is a "person" as that term is defined by New York State Human Rights Law, N.Y. Exec. Law § 290 et seq. The District has its headquarters located at 185 Peninsula Blvd, Hempstead, NY, 11550. Upon information and belief, Defendant Armstrong is a resident and domiciliary of Nassau County, New York.

6. Defendant RANDY STITH ("Stith") is an individual who at all relevant times was a member of the board of education for the Hempstead Union Free School District and Plaintiff's supervisor. Defendant Stith was a "policymaker" of Defendant District as that term is defined by 42 U.S.C. § 1983 and is a "person" as that term is defined by New York State Human Rights Law, N.Y. Exec. Law § 290 et seq. The District has its

headquarters located at 185 Peninsula Blvd, Hempstead, NY, 11550. Upon information and belief, Defendant Stith is a resident and domiciliary of Nassau County, New York.

## FACTUAL ALLEGATIONS

7. Plaintiff was hired on July 27, 2017 as the assistant superintendent of business and operations by then Superintendent Shimon Waronker. Plaintiff was responsible in the district for all things finance, managing facilities, food services, transportation etc. His first day of work was August 1, 2017

8. At the first or second school board meeting attended by Plaintiff, he witnessed constituents making numerous anti-Semitic comments about Waronker, saying "Jews don't belong", "we don't want Jews here" and other such comments. As a practicing Jew, Plaintiff was offended by these remarks. The school board did nothing to stop or dissuade the torrent of anti-Semitic remarks. The anti-Semitic remarks occurred at all board meetings with the school board repeatedly turning a blind eye towards them.

9. In September 2017 school board member Randy Stith entered Plaintiff's office. Stith was angry about Waronker being hired as the superintendent. Stith repeatedly said to Plaintiff that Waronker "did not belong" in the district, indicating that the fact that Waronker was white and Jewish meant he didn't belong. Plaintiff was offended by these remarks as he is also white and Jewish.

10. In October, Jack Bierworth was appointed by the Commissioner of Education to oversee the District. Bierworth waited for Waronker to be out of the district for religious reasons and then held a meeting to immediately undermine Waronker. He, sometimes accompanied by Joe Dragone, also began having meetings with BOCES and others about

3

the business department and intentionally leaving Plaintiff out of the meetings despite Plaintiff being in charge of these affairs for the district.

11. Things got markedly worse in November of 2017 when the school board changed hands and Lamont Johnson was added to the school board. The board immediately set out to remove Waronker and all parties hired by Waronker.

12. Plaintiff received a call about a burst pipe in December 30 2017. He went to take a look at the pipe along with Stith, Armstrong, and Maribel Toure, the acting school board president.

13. The first week in January of 2018, new policies began to be published by the board to eliminate Waronker. Plaintiff attended a board meeting on January 9, 2018. At that meeting, Waronker was put on administrative leave by the board. The board also attacked Waronker for not being present on December 30, 2017 despite knowing Waronker was out due to his Jewish faith.

14. After Waronker was gone, Stith turned his attention to Plaintiff. Stith sent emails to Plaintiff stating "we are watching you" in January of 2018. Plaintiff responded to Stith and brought to Stith's attention his anti-Semitic responses at January 9, 2018.

15. Plaintiff, unnerved by Stith's behavior, sent a complaint to MaryEllen Elia, the New York State commissioner of education about Stith's behavior on or about February 12, 2018.

16. While Plaintiff was out due to blood pressure issues, Stith entered Plaintiff's office building with a security guard and had the treasurer Luz Valentin escorted out.

17. Plaintiff returned the last week in February 2018. When he returned, the district's special counsel was waiting for Plaintiff to discuss Stith's anti-Semitic remarks. That Friday the district interrogated Plaintiff about his competence to perform his job, blaming him for

4

things outside his control and that happened prior to his time in the district. Plaintiff excused himself and went to his doctor because his blood pressure was causing problems.

18. Plaintiff was then put on administrative leave on March 5, 2018 and banned from doing his job.

19. On April 19, 2018, the board decided to terminate Plaintiff effectively on or about May 21, 2018. On May 28, Plaintiff was officially terminated by the district.

## CLAIMS FOR RELIEF

### AS AND FOR A FIRST CAUSE OF ACTION
*(Racial Discrimination)*

20. Plaintiff repeats and realleges the allegations as if fully stated herein.

21. Based on the foregoing, Defendants subjected Plaintiff to disparate treatment on the basis of his religion, unlawfully discriminating against Plaintiff in the terms and conditions of his employment on the basis of his religion and retaliated against Plaintiff in violation of 42 U.S.C. § 1983.

### AS AND FOR A SECOND CAUSE OF ACTION
*(Equal Protection)*

22. Plaintiff repeats and realleges the allegations as if fully stated herein.

23. Based upon the foregoing, the actions and mistreatment of Plaintiff by all Defendants violate the Equal Protection Clause to the 14th Amendment of the United States Constitution, pursuant to 42 U.S.C.§1983, because such acts were taken in accordance with Defendants" custom or practice of discriminating and/or selectively treating individuals. These practices were so persistent and widespread that they constitute constructive acquiescence of the policymakers in violation of 42 U.S.C.§1983.

### AS AND FOR A THIRD CAUSE OF ACTION

**(*Direct Participation and Aiding and Abetting of Individual Defendant*)**

24. Plaintiff repeats and realleges the allegations as if fully stated herein.

25. Based on the foregoing, the individual Defendants directly participated in and/or tacitly condoned the discrimination and retaliation to which Plaintiff was subjected, violating 42 U.S.C.§1983. Furthermore, Defendant Stith aided and abetted the discrimination and retaliation of Plaintiff.

**WHEREFORE**, Plaintiff demands judgement against Defendants for all compensatory, emotional, psychological and punitive damages, injunctive relief and any other damages permitted by law pursuant to the above referenced causes of action. It is respectfully requested that this Court grant Plaintiff any other relief to which he is entitled, including but not limited to:

1. Awarding reasonable attorney's fees and costs and disbursements of this action;

2. Granting such other and further relief that the Court seems just and proper.

Further, Plaintiff requests a trial by jury.

Dated: May 25, 2021
New York, New York

Respectfully Submitted,

Law Office of Alan J. Sasson
*Attorneys for Plaintiff*

By: _____

Jonathan A. Tand
2102 Ave Z Suite 201
Brooklyn, NY 11235