# EXHIBIT A

# JONATHAN A. TAND, ESQ

516 506 2647                        jtand@jtandlaw.com

By: ECF
To: Hon. Joan M. Azrack U.S.D.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re: Dobroff v. Hempstead Union Free School District
Docket No.: 20-4312

Dear Judge Azrack,

       As you are aware, the undersigned represents the Plaintiff Lawrence Dobroff. Please allow this letter to serve as opposition to Plaintiff's request for a motion conference. First and foremost, Plaintiff is not claiming any causes of action under Title VII. As such, any claims or causes of action relating to Title VII are withdrawn.

       Regarding Defendant's claims that the statute of limitations was missed, Plaintiff argues that Defendants are claiming that the statute was missed by a day or two. This is a de minimis claim which the court has the authority to disregard. Being that the claim is within the statute of limitations, dismissal would just result in the complaint being re filed and re served, rendering the entire complaint moot. Therefore in the name of judicial economy the court should allow the complaint to be decided on its merits and not dismissed and re filed which would just result in a delay when Defendants will likely try to make a motion to dismiss again on other grounds.

       With respect to Defendant Stith, service was attempted at the same address as the other defendants which is the last address Plaintiff had for Defendant Stith. Defendant's counsel has answered on behalf of Defendant Stith and the other Defendants are apparently indemnifying him for the purposes of this lawsuit as Defendants argue in Stith's defense later in their letter. Being that it is apparent Stith no longer works for the district an apparent conflict of interest may exist between Stith in the instant matter and the other Defendants. Putting aside any potential conflicts of interest, rather than dismiss the action without prejudice against Defendant Stith Defendants should be compelled to provide Stith's current address and a short window should be provided to properly serve Stith if Defendant's counsel is not accepting service on his behalf.

       Defendant's remaining grounds for dismissal is the absurd claim that because Plaintiff was the only assistant superintendent of business in the district, he has no comparators under §1983. Defendants clearly overlook the fact that the district employs multiple assistant superintendents, each holding different positions in the district. Defendant Armstrong herself held an assistant superintendent position before becoming the superintendent of Defendant school district. Being

that there are numerous other assistant superintendents in the district, the clear comparators are these other assistant superintendents, not other assistant superintendents of business. The remaining claim that there are not sufficient facts to permit the matter to proceed is also erroneous. Defendants simply claim that there are not enough facts to establish liability against Defendants. While this standard is clearly wrong, the complaint is replete with facts that would allow the instant matter to enter the discovery phase of the legal process.

Finally with regards to the aiding and abetting claims, the Defendants again resort to boiler plate claims that there aren't enough facts to plead aiding and abetting against Armstrong and Stith. Both Stith and Armstrong held positions of authority at the time of Plaintiff's dismissal and were the ones who made the ultimate decision to dismiss Plaintiff. Therefore they are individually liable for aiding and abetting.

In light of the aforementioned, Defendant's request to make a motion should be denied and the matter should be allowed to proceed to the discovery process.

_____
Jonathan A. Tand